UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Bonnie Usher,
      Plaintiff

      v.                                    Civil No. 07-cv-42-SM
                                            Opinion No. 2007 DNH 150
Cracker Barrel
Old Country Store, Inc.,
      Defendant

**O R D E R**

Bonnie Usher has sued her former employer, Cracker Barrel

Old Country Store, Inc. ("Cracker Barrel"), asserting a Title VII

disparate-treatment claim (Count I), a Title VII hostile-work-

environment claim (Count II), and a state-law claim for negligent

infliction of emotional distress (Count III).  Before the court

is defendant's motion to dismiss Counts I and III, and for a more

definite statement as to Count II.  Plaintiff concedes that Count

III should be dismissed, but otherwise objects to the relief

defendant requests.  For the reasons given, defendant's motion is

granted in part and denied in part.

In January 2003, Usher filed charges of discrimination

against Cracker Barrel with the New Hampshire Commission for

Human Rights (HRC), which forwarded her charges to the federal

Equal Employment Opportunity Commission ("EEOC") for dual-filing

purposes.  In her charge, Usher claimed that Cracker Barrel subjected her to both disparate treatment and a hostile work environment.  After an investigation, the HRC determined that there was probable cause to believe that Usher had been subjected to a hostile work environment from January 1, 2001, through September 30, 2002, but that there was not probable cause to believe that Usher had been subjected to a hostile work environment after September 30, 2002, or that she had ever been subjected to disparate treatment.  After a hearing, the HRC found for Cracker Barrel.  Usher did not appeal to the state superior court, as was her right under N.H. REV. STAT. ANN. ("RSA") § 354-A:22, I.  Thereafter, Usher received a "right to sue" letter from the EEOC.  This action followed.

Defendant contends that all of Count I and much of Count II must be dismissed because the HRC determined that there was probable cause only for plaintiff's hostile-work-environment claim, and only for a limited time period.  That is, defendant argues that plaintiff's action in this court must be limited to those charges and factual allegations for which the HRC found probable cause.  Plaintiff disagrees, arguing that this case is not a state-law appeal under RSA 354-A:22, I.

Defendant relies upon Dow v. Sears, Roebuck & Co., 143 N.H. 166 (1998), in which the New Hampshire Supreme Court held that "because RSA 354-A:22 limits review to 'orders' of the commission . . . RSA chapter 354-A does not allow for judicial review of a commissioner's probable cause determinations," id. at 168 (citation omitted).  Dow precludes judicial review of HRC probable cause determinations in state court appeals, but plaintiff is not appealing either the HRC's probable cause determinations or its ultimate decision.  Rather, plaintiff has brought suit under Title VII in federal court.

Turning to the federal law governing plaintiff's claims, Title VII "does not restrict a complainant's right to sue to those charges as to which the [EEOC] has made findings of reasonable cause."  McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798 (1973).  Moreover, the United States Supreme Court has expressly declined to "engraft on the statute a requirement which may inhibit the review of claims of employment discrimination in the federal courts."  Id. at 798-99.  In addition, while the provisions of 28 U.S.C. § 1738 require federal courts adjudicating Title VII claims to afford full faith and credit to final state-court judgments, see Kremer v. Chem. Constr. Corp., 456 U.S. 461, 470 (1982), "it is clear that unreviewed

administrative determinations by state agencies . . . should not
preclude [federal court] review even if such a decision were to
be afforded preclusive effect in a State's own courts," id. at
470 n.7 (citations omitted).

The application of McDonnel Douglas and Kremer to the facts
of this case is straightforward.  The HRC probable cause
determinations constitute unreviewed administrative
determinations by a state agency.  Therefore, those
determinations have no preclusive effect and provide no basis for
dismissing any part of this action.  Accordingly, defendant's
motion to dismiss Counts I and II is denied.

Defendant also moves for a more definite statement, pursuant
to Federal Rule of Civil Procedure 12(e), arguing that
plaintiff's failure to allege the dates upon which any of the
allegedly discriminatory conduct took place makes it impossible
to determine, from the face of the complaint, whether any part of
her claim is time barred.  Plaintiff objects, arguing that
"[d]efendant is well aware of the time frame during which the
allegations are alleged to have occurred due to both the pre-
hearing discovery engaged in by the [d]efendant, the various
documents provided during pre-hearing discovery and, most

importantly, the testimony of the various witnesses at the [HRC]'s hearing on February 14, and April 5, 2006."

Defendant's entitlement to a more definite statement is governed by the principles described in Lewis v. Textron Auto. Co., 935 F. Supp. 68 (D.N.H. 1996).  In that case, the court explained that "[s]ince 'Rule 12(e) motions are designed to strike at unintelligibility, rather than at lack of detail in the complaint . . . a rule 12(e) motion properly is granted only when a party is unable to determine the issues he must meet.'"  Id. at 70 (quoting Cox v. Me. Maritime Acad., 122 F.R.D. 115, 116 (D. Me. 1988)).  The court further explained that "the liberal pleading requirements of the Federal Rules of Civil Procedure still require 'that each general allegation be supported by a specific factual basis.'"  Id. at 70–71 (quoting Flaming v. Lind–Waldock & Co., 922 F.2d 20, 23 (1st Cir. 1990)).

The specific facts at issue here are the dates of the alleged acts of discrimination which, in defendant's view, it is entitled to learn from the complaint, so that it might move for dismissal of any claims that are time barred.  "[T]he statute of limitations is formally a defense," Arturet–Vélez v. R.J. Reynolds Tobacco Co., 429 F.3d 10, 13 (1st Cir. 2005), and

defenses must generally be raised in responsive pleadings, <u>see</u>
F<small>ED</small>. R. C<small>IV</small>. P. 12(b).  However, a statute-of-limitations defense
may be raised in a motion to dismiss under Rule 12(b)(6).  <u>See</u>,
<u>e.g.</u>, <u>Arturet-Vélez</u>, 429 F.3d at 13; <u>Centro Medico del Turabo,</u>
<u>Inc. v. Feliciano de Melecio</u>, 406 F.3d 1, 6 (2005); <u>López-</u>
<u>González v. Municipality of Comerío</u>, 404 F.3d 548, 551 (2005).

Here, plaintiff's forty-three paragraphs of factual
allegations do not include reference to a single date upon which
any of defendant's allegedly discriminatory acts took place.  <u>See</u>
<u>Evans v. Port Authority</u>, Civil Action No. 06-3239 (JAG), 2007 WL
3071808 (D.N.J. Oct. 17, 2007) (granting motion for more definite
statement when Title VII plaintiff's complaint failed to provide
adequate information about dates of alleged discriminatory acts).
Without adequate time references, the complaint – which is
generally the exclusive source of facts for a Rule 12(b)(6)
motion – fails to provide defendant with the information
necessary to support either an informed or a good faith basis for
filing a motion to dismiss based upon timeliness.  It may well be
that the information defendant seeks could be found in the
administrative record from the HRC proceeding.  But as plaintiff
herself points out in her objection to defendant's attempt to
rely upon the HRC's probable cause determination, this is not an

appeal from the HRC decision.  It is a trial <u>de novo</u>, <u>see</u> <u>Kremer</u>,

456 U.S. at 470, making the HRC proceeding largely irrelevant.

Moreover, as between plaintiff and defendant, plaintiff is

obviously the better source of information about the claims she

is bringing.  <u>See</u> <u>Evans</u>, 2007 WL 3071808, at *14 ("Defendant is

not expected to speculate about [when the alleged acts of

discrimination took place] in attempting to formulate a

defense.") (citing <u>Thomas v. Independence Twp.</u>, 463 F.3d 285, 301

(3d Cir. 2006)).  Because "[r]equiring [p]laintiff[ ] to provide

dates will assist [d]efendant in framing a defense, and increase

the efficiency with which this [c]ourt resolves the dispute

between the parties," <u>Evans</u>, 2007 WL 3071808, at *14, plaintiff

is ordered to amend her complaint, within thirty (30) days, to

include dates and time references from which it can be determined

when the alleged acts of disparate treatment took place, as well

as dates and time references relevant to her hostile-work-

environment claim.

### Conclusion

     Defendant's motion to dismiss and for a more definite

statement (document no. 5) is granted in part and denied in part.

Count III is dismissed.  Plaintiff is ordered to file an amended

complaint, within thirty (30) days of the date of this order,

7

that includes references to dates and time periods sufficient to permit defendant to know what is claimed and when events occurred, and to respond accordingly.  Beyond that, defendant's motion is denied.


        **SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

December 4, 2007

cc:  Jennifer R. Jones, Esq.
     Lee S. MacPhee, Esq.